M. David Graubard, Esq.
Attorney for Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1600

Return Date: July 18, 2017 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

HILLSIDE LOFTS LLC

                    Debtor.
-----------------------------------------------------------x

Chapter 11
Case No. 17-41936

### NOTICE OF DEBTOR'S MOTION FOR AN ORDER APPROVING SALE PROCEDURES CONCERNING DEBTOR'S SALE OF REAL PROPERTY LOCATED AT 134-15 HILLSIDE AVENUE, RICHMOND, NEW YORK 11418

PLEASE TAKE NOTICE that the Debtor Hillside Lofts LLC, by its attorney filed a Motion for an Order Approving Sales Procedures for the Sale of Real Property Located at 134-15 Hillside Avenue, Richmond Hill, NY 11418. The Motion is returnable before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, New York, NY 11201 on July 18, 2017 at 10:00 a.m. The Debtor's request is for the entry of an order to approve the bidding procedures in connection with the proposed auction sale.

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the name of the respondent, the nature of the objection and the specific grounds therefore, and state with particularity the grounds for such response and be filed with the Clerk of the Court, United States Bankruptcy Court for

the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, (a)(i) through the Bankruptcy Court's electronic filing system; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an enevelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with section (b) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a) or (b), as set forth in this paragraph, shall be hand delivered directly to the Chambers of the Honorable Elizabeth S. Stong, and served upon: (i) M. David Graubard, Esq., 71-18 Main Street, Flushing, NY 11367; (ii) the Office of the U.S. Trustee for the Eastern District of New York, Attn: Nazar Khodorovsky, Esq., 201 Varick Street, Suite 1006, New York, NY 10004; (iii) any party that has filed a notice of appearance or proof of claim in the Debtor's case or who are otherwise entitled to receive notice so as to be received in hand no later than July 12, 2017 at 4:30 p.m.

Dated: Flushing, New York
July 3, 2017

                                    M. DAVID GRAUBARD, ESQ.
                                    Attorney for Debtor

                                  By: _____
                                    M. David Graubard (MDG 5442)
                                    71-18 Main Street
                                    Flushing, NY 11367
                                    (212) 681-1600

M. David Graubard, Esq.
Attorney for Debtor
71-18 Main Street
Flushing, NY 11367
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                           Chapter 11
                                                                                      Case No. 17-41936
HILLSIDE LOFTS LLC,


                                    Debtor.
-----------------------------------------------------------x


## MOTION FOR AN ORDER APPROVING PROCEDURES CONCERNING SALE OF REAL PROPERTY LOCATED AT 134-15 HILLSIDE AVENUE, RICHMOND HILL, NY

TO:     HONORABLE ELIZABETH S. STONG, U.S. BANKRUPTCY JUDGE

        The Debtor Hillside Lofts LLC, ("Debtor") by its attorney, makes this motion for an order, substantially in the form annexed hereto as Exhibit A, approving the bidding procedures, the form and manner of notice of sale in connection with the sale of the commercial property located at 134-15 Hillside Avenue, Richmond Hill, New York 11418, on an auction basis.

        1.     On April 20, 2017, the Debtor filed a voluntary Chapter 11 petition with this Court and was duly authorized to remain as debtor in possession.

        2.     This Motion is a core proceeding and the venue of this Motion is proper, based upon the filing of the Chapter 11 petition and the location of the Debtor's property.

        3.     This Motion is made pursuant to Section 363 of the United States

Bankruptcy Code ("Code"); Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules 6004-1 and 9006-1.

4. The Debtor is the owner of premises 134-15 Hillside Avenue, Richmond Hill, New York ("Property"), which the Debtor acquired with the hopes of developing the Property as a residence for American Veterans. Unfortunately, the Debtor was unable to find any economic partners to develop the Property.

5. The present holder of the mortgage on the Property is Joseph Zelik who holds the mortgage on the Property and obtained a Judgment of Foreclosure on February 21, 2017.

6. The other secured creditors are two tax liens that have filed claims in the Chapter 11 proceeding.

7. At the present time, the Property is a vacant piece of land that had been partially constructed at the foundation level. Plans had been developed to use the site as veterans housing, but the Debtor was unable to proceed with that renovation project.

8. The secured creditors claims are as follows:

(a) Joseph Zelik has a Judgment of Foreclosure in the sum of approximately $3,700,000.

(b) NYCTL 2015-A Trust MTAG has filed a claim in the sum of $112,700.46.

(c) NYCTL 2016-A Trust MTAG has filed a claim in the sum of $119,385.77.

9. An order for the last day to file claims was made by this Court on May 8, 2017 setting July 19, 2017 as the last day for filing proofs of claim.

## PRE-PETITION SALE EFFORTS

10. Prior to the filing of the Chapter 11 petition, the Debtor had circulated a proposed Contract of Sale for the sum of $4,200,000. However, that contract was never consummated, so there was no application made to this Court for approval of that particular contract.

11. While there has been interest evidenced by various parties to the Debtor with respect to the Property, none of those inquiries have led to a formal contract.

## SALES PROCEDURES

12. The Debtor proposes to offer the Property to the public at an auction sale to be held in the Bankruptcy Court ("Auction"). A copy of the proposed Sales Procedure Order is annexed hereto as Exhibit B.

13. A copy of the proposed bidding procedures and conditions of sale ("Bidding Procedures") is annexed hereto as Exhibit C and include:

(a) The Property will be sold (i) "as is" and "whereas" with no representations, legal or equitable, of any kind and (ii) with all liens, claims, and encumbrances, and other interests to attach to the proceeds of the sale.

(b) At the Auction, any person or entity, intending to bid for the Property ("Offeror") is required to submit a certified check equal to ten percent (10%) of the offer ("Deposit") which is non-refundable should the Offeror become the successful bidder and then fail to close for any reason, with the Debtor reserving all other rights and remedies.

(c) The balance of the purchase price of the Property shall be paid by the successful Offeror ("Purchaser") by a certified or bank check payable to "M. David

Graubard, as attorney" at the closing.

(d) All offers made at the sale shall remain open and irrevocable until thirty days after entry of an order approving the sale. In the event the order approving the sale is subject to a stay of the Court, the offer shall remain open until such time as either the stay is vacated or the order becomes a final order, whichever is earlier.

(e) A hearing to approve the sale will be held at a date to be determined by the Court after the sale is held.

(f) All bidders, who must pay no less than ten percent (10%) of the final offer at the Auction, must include evidence satisfactory to the Debtor of such bidder's financial ability to close a purchase of the Property unless the Debtor directs otherwise. If a bid is made more than two business days prior to the Auction, the Debtor will notify the bidder within two business days of receipt whether the bid, including the ten percent (10%) deposit and evidence of the bidder's financial ability to close, is a qualifying bid, or whether additional evidence is required.

14. Only those parties submitting a bid that conform to the Bidding Procedures ("Qualifying Bid") will be deemed a qualified bidder ("Qualifying Bidder").

Notice of Sale

15. Within five business days of the entry of the Sales Procedure Order, counsel for the Debtor will serve by first class mail, a notice of sale substantially in the form annexed hereto as Exhibit D ("Notice of Sale") upon (i) Office of U.S. Trustee, Attn: Nazar Khodorovsky, Esq., 201 Varick Street, Suite 1006, New York, NY 10014; (ii) any party that has filed a notice of appearance or proof of claim in the Debtor's case; (iii) any party who has previously expressed interest or is reasonably believed to have interest in

purchasing the Property; and (iv) any parties reasonably known to have an alleged lien, claim or encumbrance against the Property.

16. In addition, as soon as is practicable, the Trustee will cause a separate notice of sale, substantially in the form annexed hereto as Exhibit E, to be published in the New York Times.

17. The Debtor expects that there will be interest in the Property because it is in an ideal location for developing housing for American Veterans, which will allow for government assistance in connection with the development of the Property. There are architectural plans for such housing already in existence, which would be available to any purchaser.

## STANDARD FOR SALE UNDER SECTION 363(B)(1)

The Proposed Sale is Justified by Sound Business Reasons and is in the Best Interest Of the Debtor's Estate and Creditors

18. Bankruptcy Code section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …" A sale conducted pursuant to section 363(b)(1) will only be approved upon the trustee's demonstration of a good business reason for that sale. In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1991); Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 772 F.2d 1063, 1071 (2d Cir. 1983). As a general rule, courts will afford for consideration to a trustee's [debtor's] business judgment, but not give it absolute deference. In re Bakalis, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998).

19. The Debtor has exercised its business judgment to sell the Property because it does not have the wherewithal to develop the Property itself. In the rising real estate market now found around the development of the old Concord Hotel as a gambling facility, has generated interest in the Property. All present indications are that a price could be obtained that will pay all the secured creditors, priority creditors and unsecured creditors of the Debtor, and leave a significant recovery for the equity holders.

### Sale of the Assets Free and Clear is Authorized under Section 363(f) of the Bankruptcy Code

20. Bankruptcy Code section (363(f)(3) provides in pertinent part:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if …
>
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.

21. Based upon the foregoing, the Debtor verily believes that the eventual sales price will produce a price that is more than all the potential liens against the Property.

### NOTICE OF THE PROPOSED SALE PROCEDURES ORDER

22. The Debtor has served this Motion and Notice of Motion upon (i) counsel for Acquisition; (ii) the Office of the U.S. Trustee for the Eastern District of New York; (iii) any party that has filed a notice of appearance or proof of claim in the Debtor's case; (iv) any party who has previously expressed interest or is reasonably believed to have interest in purchasing the Property; and (v) any parties reasonably known to have an

alleged lien, claim or encumbrance against the Property.

WHEREFORE, the Debtor respectfully requests that the entry of the proposed Sales Procedure Order attached hereto as Exhibit B, and that following the Sale Hearing, the Court enter an order, substantially in the form annexed hereto as Exhibit F, approving the Proposed Sale.

Dated: Flushing, New York
July 3, 2017

                        HILLSIDE LOFTS LLC, Debtor and
                        Debtor in Possession

                        By: M. DAVID GRAUBARD, Its Attorney

By: *(signature)*
                        M. David Graubard (MDG 5442)
                        71-18 Main Street
                        Flushing, NY  11367
                        (212) 681-1600